**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0736n.06
Filed: October 16, 2007

**No. 06-3952**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **MOHAMMED SALL**, | ) | |
| | ) | |
| *Petitioner-Appellant,* | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE BOARD OF |
| v. | ) | IMMIGRATION APPEALS |
| | ) | |
| **ALBERTO R. GONZALES, Attorney General,** | ) | |
| | ) | |
| *Respondent-Appellee.* | | |

**BEFORE:** **COLE and COOK, Circuit Judges; MILLS**, **District Judge**[*]

    **R. GUY COLE, JR., Circuit Judge.** Petitioner-Appellant Mohamed Sall seeks review of a Board of Immigration Appeals ("BIA") order affirming an Immigration Judge's ("IJ") denial of his claims for asylum and withholding of removal. The IJ concluded that Sall was not credible and therefore denied his claims. Alternatively, for the denial of asylum, the IJ found that Sall failed to show that he applied for asylum within one year of his entry into the United States and denied his application on timeliness grounds. Because there is sufficient evidence to support the IJ's adverse credibility finding, we **DENY** the petition for review.

---

    [*]The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

## I. Background

### A. Facts

Sall claims to be a native citizen of Mauritania, a large country in Northwest Africa bordering the Atlantic Ocean, and a member of the country's minority Wolof tribe. According to Sall, his family owned a farm in Mauritania and he belonged to a farmer's association as well as the United Democratic Forces - New Era ("U.F.D."), a political party. Sall testified that in April 2003 his father received a letter from the Mauritanian government stating that the government was confiscating the family's farm, and that he and his father were later arrested while participating in a protest of the confiscation. He claims that during the protest he was shot in the eye by the National guard, arrested, and jailed for three weeks. Sall claims that upon his release he was placed on probation and ordered to pay a fine. Sall states that he fled to Senegal on July 13, 2003, and then to the United States on the following day. He states that his father was released but rearrested and subsequently beaten to death by the guards in prison on April 22, 2004.

### B. Procedural History

Sall filed his asylum application on December 5, 2003. The IJ denied Sall's applications for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and withholding of removal under the United Nations Convention Against Torture ("CAT") on May 2, 2005. He concluded that Sall was not credible and therefore not entitled to relief. In addition, the IJ found that Sall failed to show he filed his petition for relief within one year of arrival in the United States and that he failed to show that he faced torture in Mauritania. The BIA adopted and affirmed the IJ's decision on June 5, 2006.

On appeal, Sall contends that the BIA and IJ erred in their credibility determination. Sall also claims that the IJ erred as a matter of law in finding that he failed to make the requisite showing of timeliness. The Government contends that the IJ's credibility finding was supported by the evidence, and that this Court lacks jurisdiction to review the timeliness decision.

## II. Discussion

### A. Jurisdiction to Review the Asylum Application

Because the BIA adopted the IJ's decision, we review the IJ's decision directly. *Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004). In denying Sall's application for asylum, the IJ stated two independent reasons for denying the petition. The first was that he found Sall to be not credible, which will be addressed below. In addition, the IJ found that Sall had not shown that his petition was timely, meaning that Sall failed to provide clear and convincing evidence that his asylum application was filed within one year of his arrival in the United States, as required by 8 U.S.C. § 1158(a)(2)(B).

In this case, the IJ noted that there was no entry in the Non-Immigrant Information System ("NIIS") for a person entering the United States in the month of July 2003 with the name, or a name similar to, the one that Sall provided. Sall produced a document purportedly from the Mauritanian government certifying that Sall was released from a jail sentence on May 2, 2003, which if credited would establish that he was still in Mauritania at that time and had not yet entered the United States. The IJ found Sall's documents "to be questionable," noting that "documents from Mauritania are readily counterfeited and [that he] see[s] counterfeit Mauritania documents all the time." He stated that Sall's Mauritanian identification was clearly a counterfeit document, but that he would not make

a finding that it was false without forensic testing, which he declined to do because it would have taken at least eighteen months.

The Government cites *Castellano-Chacon v. INS*, 341 F.3d 533, 542-44 (6th Cir. 2003) as support for its proposition that this Court lacks jurisdiction to review a denial of asylum based on a finding that a petition was untimely. However, this Court in *Almuhtaseb v. Gonzalez*, 453 F.3d 743 (6th Cir. 2006), modified "the holding of *Castellano-Chacon* to bar our review of asylum applications denied for untimeliness only when the appeal seeks review of discretionary or factual questions, but not when the appeal seeks review of constitutional claims or matters of statutory construction." *Id.* at 748.

8 U.S.C. § 1158(a)(2)(B) requires an asylum applicant to demonstrate by clear and convincing evidence that his application was filed within a year of arrival in the United States. Due process requires that an alien in a deportation proceeding be afforded a full and fair hearing, although the IJ is entitled to broad discretion in conducting that hearing. *Castellano-Chacon*, 341 F.3d at 552-53. Sall argues that the IJ violated his due process rights when the IJ declined to submit Sall's documents to forensic testing, thus depriving Sall of that method of proving his arrival date. However, Sall could have provided other corroborating evidence supporting his arrival date, including plane tickets, receipts, a record of entry into the United States, or other evidence that he was still in Mauritania or Senegal during the time period he claimed. As the IJ noted in his order, the only evidence that Sall provided to support the Mauritanian government documents was his testimony, which proved to include false information about the name provided upon entry, and the testimony of his roommate which did not provide corroboration of his date of arrival.

Because Sall was not deprived of an opportunity to provide evidence that his application was timely, it was not a due process violation for the IJ to decline to submit the documents to forensic testing for authentication. To the extent that Sall complains of the factual findings of the IJ, those claims are not reviewable by this court. *Almuhtaseb*, 453 F.3d at 748.

## B. Witholding of Removal and Relief under CAT

This Court has jurisdiction over Sall's appeal of the BIA's denial of his requests for withholding of removal and relief under CAT. *Castellano-Chacon,* 341 F.3d at 544-52 (reviewing withholding of removal and CAT requests despite lack of jurisdiction to review timeliness of asylum application). As above, because the BIA adopted the IJ's decision, we review the IJ's decision directly. *Yu*, 364 F.3d at 702. An alien seeking withholding of removal must demonstrate "that there is a clear probability that he will be subject to persecution if forced to return to the country of removal." *Singh v. Ashcroft*, 398 F.3d 396, 401 (6th Cir. 2005) (quoting *Pilica v. Ashcroft*, 388 F.3d 941, 951 (6th Cir. 2004)). To be eligible for CAT relief, an alien must show that it is "more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2).

The IJ's determination must be upheld unless "manifestly contrary to the law," and any "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4). In order to reverse a factual determination, this Court "must find that the evidence not only supports a contrary conclusion, but indeed *compels* it." *Klawitter v. INS*, 970 F.2d 149, 152 (6th Cir. 1992).

Here, the IJ denied the withholding of removal and relief under CAT for the same reason he found that Sall would not be entitled to asylum even if his application had been timely. He found that Sall was not credible, and that he therefore had not established a well-founded fear of persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (listing factors that can be considered in reaching credibility determinations for asylum applications). Credibility determinations are considered findings of fact and are thus subject to the deferential standard of review set forth in § 1252(b)(4). *Yu*, 364 F.3d at 702. Although an adverse credibility finding is afforded substantial deference, the finding must be supported by specific reasons and an "adverse credibility finding must be based on issues that go to the heart of the applicant's claim." *Amir v. Gonzales*, 467 F.3d 921, 925 (6th Cir. 2006) (quoting *Sylla v. INS*, 388 F.3d 924, 926 (6th Cir. 2004)).[1]

The IJ has stated specific reasons to support his finding that Sall's testimony is not credible. He notes that while Sall claimed to be a farmer in Mauritania, Sall did not know the Mauritanian words for the different types of land, or which type of land his farm was. The IJ stated that it was "not possible that a farmer in Mauritania would not be aware of that unless [Sall] either . . . was not a farmer, or possibly that he was not from Mauritania." The IJ reported that while Sall claims to have been a local leader of the U.F.D. party, Sall initially did not know the name of the party leader,

---

[1]The REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231, changed the standard governing credibility determinations, stating that those determinations may be made "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." *Amir*, 467 F.3d at 925 n.4 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). This provision, however, applies only to those aliens who applied for asylum, withholding of removal, or other relief on or after May 11, 2005, the effective date of this provision of the Act. *Id.* (citing Pub. L. 109-13, div. B., § 101(h)(2), 119 Stat. 231 at 305). Because Sall applied for relief in September 2003, this provision of the REAL ID Act does not apply to this Court's review of his claims.

one of the most important political figures in Mauritania, or that the party had been banned by the government three years prior to Sall's alleged departure from Mauritania. The IJ explained that "[i]t would be pretty hard for a Party member to not know that the Party was banned, since what was legal had suddenly become illegal, and he became subject to being arrested if he engaged in U.F.D. activities." In addition, the IJ detailed skepticism regarding Sall's omission of important events during early conversations with asylum officers, including information about the death of his sister, grandparents, and two uncles. The IJ pointed out a discrepancy regarding Sall's testimony that he was shot in the eye with a rubber or plastic bullet, noting that the medical report stated that Sall had two pieces of metal in or near his eye, rather than plastic. He also recorded that Sal failed to mention that he had been shot or blinded on his asylum application or to the asylum officer, all of which led the IJ "to believe that [Sall] may have been blinded in an entirely different time."

The IJ listed reasons for finding Sall's support documents to be false. He explained that the two letters from Sall's mother appeared to be intended for Court use; that the first did "not read like one from a mother to her son telling him that his father was killed" and that the second letter simply "restates his asylum claim by listing all the family members that had problems." The IJ reiterated his belief that the documents purportedly from the Mauritanian government were of questionable authenticity.

On appeal, Sall asks this court to reverse the credibility determination. He argues that the inconsistencies do not go to the heart of the application and that the omission of details could be explained by cultural differences and translation difficulties. Sall argues that although the U.F.D. was banned in 2000, he only learned of the banning in 2003. He states that whether the bullet was

metal or rubber is immaterial, but that he was shot and injured due to his political activities. Finally, Sall explains that there is no inconsistency between his asylum application, his interview with the asylum officer, and his testimony.

Under the substantial evidence standard, findings of fact, including credibility determinations, are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Patel v. Gonzales*, 470 F.3d 216, 219 (6th Cir. 2006) (quoting 8 U.S.C. § 1252(b)(4)(B)). The IJ's determination meets this standard, as he has detailed his reasons and at least some of them go to the heart of Sall's application, including his lack of knowledge of farming terms and details of the U.F.D. party. There is not sufficient evidence to compel a finding of credibility, which is the standard for reversal by this Court. 8 U.S.C. § 1252(b)(4)(B); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

Because the IJ's findings were sufficient to reject Sall's petition under the less stringent standards for petition of asylum, the IJ's findings were also sufficient to reject Sall's petition based on the more exacting standards used for withholding of removal and CAT. *Hamida v. Gonzales*, 478 F.3d 734, 741-42 (6th Cir. 2007) (stating that "an applicant who fails to meet the statutory eligibility requirements for asylum must necessarily fail to meet the requirements for withholding of removal," and reaching the same conclusion with respect to relief under CAT); *Mikhailevitch v. INS*, 146 F.3d 384, 391 (6th Cir. 1998).

## IV. CONCLUSION

Because there is substantial evidence to support the IJ's adverse credibility finding, we

**DENY** Mohammed Sall's petition for review.